# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MARIO RAMIREZ-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-755-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Mario Ramirez-Cruz (Ramirez) appeals the 57-month sentence imposed after he pleaded guilty to illegal reentry after deportation. The sentence was at the bottom of the advisory guideline range and is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Ramirez nonetheless contends that the sentence was substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50234

unreasonable because the district court gave too much weight to his overstated criminal history.

Ramirez also argues that his criminal history was unreasonably double counted because prior convictions were used to increase both his offense level and his criminal history score.  Ramirez acknowledges that this contention is likely foreclosed by our prior precedent, and we agree that it is foreclosed by our prior precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-30 & n.12 (5th Cir. 2009).

Ordinarily, we review sentences for reasonableness under an abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007).  We first determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . ."  *Gall*, 552 U.S. at 51.  We then consider "substantive reasonableness . . . under an abuse-of-discretion standard."  *Id.*  The Government argues that we should review for plain error because Ramirez did not object in the district court to the reasonableness of the sentence.  We need not decide whether plain error review applies to any of Ramirez's arguments, because his claims fail even under the ordinary standard of review.

Ramirez argues that the district court "failed to address" and "offered no response" to his arguments about his overstated criminal history.  On the contrary, the court forcefully and explicitly rejected Ramirez's attempts to minimize his criminal history.  In addition, the court gave ample explanation of the sentence within the guideline range.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009).  Ramirez merely asks this court to substitute his assessment of the sentencing factors for the district court's assessment, which is directly contrary to the deferential review dictated by

*Gall*.  *See Gall*, 552 U.S. at 51.  Further, Ramirez's mere disagreement with the sentence does not rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Ramirez fails to show that his sentence was unreasonable or an abuse of discretion.  *See Gall*, 552 U.S. at 46, 51; *Rita*, 551 U.S. at 351.  The judgment of the district court is AFFIRMED.